## Cassidy & Hogard v. Jenkins & Cassidy.

(Decided December 14, 1928.)

### Appeal from Crittenden Circuit Court.

1. Partnership.—Generally, lien of mortgage of partner's interest in firm is subject to partnership lien of other members of firm.

2. Partnership.—Where insurance was intended to insure interest of one partner for benefit of mortgagee of such partner's interest, but by mistake policy was issued to firm instead of to one partner as intended, but remaining partner repudiated policy for partnership when called on to pay premium, proceeds of such policy did not become part of firm's assets, nor become subject to partnership lien of other partner, and neither firm nor other partner individually had any interest in insurance money.

C. S. NUNN and J. W. BLUE, JR., for appellants.

JOHN A. MOORE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN.—Affirming.

In the spring of 1924, Chas. L. Cassidy and W. P. Hogard entered into a partnership for the construction and operation of an "Aerdome Theater" in Marion, Ky. The agreement at the time it was made rested in parol, but was reduced to writing the following fall. Cassidy contends that the writing he signed in the fall did not truly embrace the terms of the partnership, but, as we view this case, this is immaterial. All agree that Hogard was to advance the necessary funds for the construction of the "Aerdome Theater" and was to be reimbursed out of the earnings or net profits of the company, after which these earnings were to be equally divided between him and Cassidy. Cassidy was to manage the theater during the summer months, and was to have a drawing account for that service. The following fall Cassidy determined to go in business during the winter at Fords Ferry. The appellee Jenkins lent him $1,000 for that purpose, and took a mortgage on Cassidy's interest in the partnership Cassidy had with Hogard. Whether Jenkins informed Hogard of his intention to take such a mortgage is in dispute, and just what Hogard told Jenkins before Jenkins took the mortgage is also in dispute; but it does satisfactorily appear that at that time the partnership did not owe any outside debts, and that Hogard had been repaid what he had expended on the

"Aerdome Theater" with the exception of about $300. About the time this mortgage was given to Jenkins by Cassidy, Hogard had the "Aerdome Theater" roofed over and made suitable for operation during the winter months. He and Cassidy are in disagreement concerning the basis of Hogard's action. Hogard contends that the work was done under the original partnership arrangement, but Cassidy contends that as he thought that the picture show would not pay during the winter months he was unwilling to go to the expense of roofing the theater and making it suitable for winter shows, but did agree, that if Hogard wanted to do this on his own responsibility, he could do so and have the proceeds of the business during the winter months to reimburse himself, and that when the spring rolled around again they should operate the theater under the same status as prevailed prior to these improvements being put upon the theater. The record shows that Hogard, in order to finance the improvements which he put upon the theater in the fall, gave a mortgage on his interest in the partnership to the contractor who did the work, and that he also, at his own expense, insured his interest in the firm with a "loss payable" clause running to the contractor. Thereafter Jenkins also procured a policy of insurance which on its face insured the partnership against loss by fire of its property. This policy carried a "loss payable" clause in favor of Jenkins. Jenkins testifies, as does also Cassidy and the insurance agent who wrote the policy, that at the time this policy was taken out it was the purpose of Cassidy and Jenkins and the insurance agent not to insure the partnership against loss, but only Cassidy against the loss of his interest in that firm, whatever such interest might be, but by mistake the policy was made to read as above stated. The only evidence which in any wise militates against this testimony of these parties is the one undenied fact that, when the bill for the premium came and was presented to Jenkins, he told the agent to take it over to Mr. Hogard for collection, which the agent did. Hogard refused to pay the premium, and told the agent if Jenkins wanted to insure the property Jenkins would have to pay the premium. The agent carried this message back to Jenkins, and Jenkins did pay the premium. Jenkins' explanation of why he sent the agent to Hogard is that he thought Hogard would pay the premium out of Cassidy's part of the firm profits, and that when he learned that Hogard declined to pay the pre-

mium he was perfectly willing himself to pay it, and did so. Thereafter, and in the spring of the year 1925, the property burned. The insurance company promptly paid the loss by a check payable to Cassidy & Hogard and Jenkins. Cassidy indorsed the check for his firm, and gave it to Jenkins, who likewise indorsed it, and procured the money upon it. Hogard then brought this suit against Cassidy for a settlement of the partnership affairs, claiming that on such settlement it would be shown that Cassidy was indebted to him in a large sum of money. He also asked that Jenkins be compelled to pay back to the firm the $1,000 he had collected on the policy above mentioned, such payment to await the outcome of the settlement between him and Cassidy, and that this $1,000 be decreed subject to the partnership lien. Cassidy filed his answer, also, asking for a settlement and alleging that on such settlement it would be shown that Hogard was indebted to him in a large sum. So far as this insurance money was concerned, Cassidy made common cause with Jenkins, both of them claiming that this money was no part of the partnership assets, and hence was not subject to any partnership lien. By agreement the Jenkins' phase of the suit only was tried, the settlement part of the suit being passed. On final hearing the court dismissed Hogard's claim for the partnership against Jenkins, and from that judgment this appeal is prosecuted.

An elaborate argument is made by the appellant on the nature, scope, and extent of the partnership lien, the right of one partner to mortgage his interest in the firm, and what rights a mortgagee of such interest takes under his mortgage. Of course, broadly speaking, the lien of a mortgage of a partner's interset in a firm is subject to the partnership lien of the other members of the firm. But it is obvious that the question in this case is not whether the lien of Jenkins on Cassidy's interest in the Hogard-Cassidy firm is subject to the partnership lien of Hogard, as it unquestionably is, but whether the proceeds of the insurance taken out to insure Cassidy against the loss by fire of his interest in the firm and made payable to Jenkins as his interest might appear, are any part of the firm assets to which the partnership lien applies. The lower court found that such proceeds were no part of the firm assets, and the evidence sustains its finding. It was intended by those who took out the policy to insure for Jenkins' benefit, as his interest might appear, only Cassidy's interest in the firm, whatever that interest

might be. Neither the firm nor the other partner could complain of this, and the insurance company has not complained. By mistake the policy as issued ran to the firm instead of to Cassidy, as intended. Hogard, however, repudiated for the firm the policy after it had been issued and when called upon to pay the premium. Cassidy, the other partner, never intended for the firm to be an interested party under the policy. Hence the firm as such had no claim under the policy, and neither it nor its proceeds were any part of the firm's property or assets. As the proceeds of the policy were never partnership assets, they were of course not subject to the partnership lien, and, not being partnership assets, neither the firm nor Hogard individually had any interest in them.

The judgment of the lower court being in accord with these views, it is affirmed.